# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAMES ALBERT BETHEA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CRIMINAL ACTION NO.<br>5:07-cr-00085-TES-CHW |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On April 23, 2018, Petitioner pled guilty to possession of a firearm by a convicted felon. Petitioner had previously been convicted for possession with intent to distribute cocaine, sale of cocaine, sale of marijuana, and aggravated assault. Because of these previous drug offense convictions, Petitioner was sentenced in accordance with the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum sentence for a person who is convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) and who also "has three previous convictions . . . for a violent felony of a serious drug offense." 18 U.S.C. § 924(e)(1).

Petitioner moves to vacate his sentence [Doc. 65] on the grounds that the ACCA is unconstitutional as applied to his sentence. Specifically, Petitioner claims that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates the

ACCA as it relates to his sentence, and that his prior conviction for the sale of marijuana is not a "serious drug offense" under the ACCA. The Government subsequently filed a Motion to Dismiss Petitioner's motion [Doc. 71].

Currently before the Court is the Magistrate Judge's Report and Recommendation [Doc. 82]. The Magistrate Judge recommends that the Court deny Petitioner's motion because (1) it is time-barred and (2) his prior conviction for the sale of marijuana was properly identified as a predicate offense under the ACCA. Petitioner filed a timely objection the Report and Recommendation [Doc. 83], and the Court is therefore required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

First, Petitioner challenges the Magistrate Judge's finding that his motion is time barred. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), Petitioner may file a motion challenging a sentence within one year of "(1) the date on which the judgement of conviction becomes final . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255(f). Petitioner claims that the Supreme Court's decision in *Johnson* recognized a new right within the meaning of Section 2255(f)(3) by invalidating the residual clause of the ACCA pertaining to violent felonies, and that his

motion—filed May 23, 2016 and within one year of the *Johnson* decision—is therefore within the time allocated by the AEDPA.

As the Magistrate Judge correctly noted, Petitioner cannot rely on *Johnson* to vacate his sentence under the AEDPA because the newly recognized right in *Johnson* does not apply to him. In *Johnson,* the Supreme Court held that the ACCA's violent felony residual clause, which makes all felonies involving "conduct that presents a serious potential risk of physical injury to another" predicate offenses for the ACCA, is unconstitutional for vagueness. *Id.* at 2555; 18 U.S.C. § 924(e)(2)(B). Although Petitioner claims *Johnson* invalidates his ACCA sentence, he has three prior serious drug offenses that are unaffected by *Johnson* and are sufficient by themselves to trigger ACCA sentencing without considering any of Petitioner's "violent felony" convictions.

In his objections [Doc. 83], Petitioner concedes that *Johnson* is inapposite, but he argues that *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S.Ct. 2242 (2016), which came after *Johnson,* remedy his AEDPA statute of limitations problem. However, neither *Descamps* nor *Mathis* created newly recognized rights established by the Supreme Court; they merely restate the right established in *Johnson*. *See Beeman v. United States*, 871 F.3d 1215, 1219-1220 (11th Cir. 2017); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Accordingly, there is no "new right" that Petitioner can rely on to trigger the one-year period under § 2255(f)(3) of the AEDPA, and thus, he was required to file his Motion to Vacate within one year of "the date on which the judgement

of conviction becomes final." 28 U.S.C.A. § 2255(f)(1). Since Petitioner filed his Motion to Vacate over eight years after his conviction for possession of a firearm by a convicted felon, his motion is time barred.

Next, Petitioner contends that his prior conviction for selling marijuana was not a "serious drug offense" and thus, could not count has a ACCA predicate offense. The term "serious drug offense" includes "(1) an offense under State law, (2) involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (3) for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C.A. § 924(e)(2)(A). At the time of the Petitioner's conviction for selling marijuana, the conviction met each of these requirements. *See* Ga. Code Ann. § 16-13-30 *et seq.*; *see also West v. State*, 255 Ga. App. 334 (2002).

Although Petitioner relies on *Donawa v. United States Att'y Gen.*, 735 F.3d 1275 (11th Cir. 2013), an Eleventh Circuit case considering whether a conviction for possession of marijuana with intent to distribute under a Florida statute is a "serious drug offense" under the ACCA, *Donawa* is clearly distinguishable from this case. Petitioner was not merely convicted for the possession of marijuana with intent to distribute like the petitioner in *Donawa*, but for its actual sale. Additionally, as the Magistrate Judge correctly indicated, a "sale" is a form of "distributing" drugs, which is a predicate offense under the ACCA. *See United States v. Johnson*, 570 F. App'x 852, 857 (11th Cir. 2014).

4

Therefore, Petitioner's conviction for selling marijuana was properly considered an ACCA predicate offense under § 924(e)(2)(A).

For the reasons stated herein, the Court **ADOPTS** the Report and Recommendation [Doc. 82] over Petitioner's objections and **MAKES IT THE ORDER OF THE COURT.** Accordingly, Petitioner's Motion to Vacate [Doc. 65] is **DENIED**, and Government's Motion to Dismiss [Doc. 71] is **GRANTED**.

**SO ORDERED**, this 29th day of June, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**